

FILED

JAN 14 2019

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOANNA M. SNYDER, | Cause No. CV 19-01-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION |
| FLATHEAD COUNTY DETENTION CENTER; COMMANDER ROOT; CHIEF CAREY; CPR. GUFFIN; TAMMY RN; DR. JOHN DOE; UNKNOWN OFFICER [1]; and UNKNOWN OFFICER [2], | |
| Defendants. | |

Plaintiff Snyder filed this action on January 2, 2019. She is a pretrial detainee in Flathead County. *See* Compl. (Doc. 2) at 4 ¶ I(A). She is also subject to a probation warrant from Massachusetts. *See* Compl. (Doc. 2) at 2–3 ¶ 17, *Snyder v. Rosenthal*, No. CV 18-195-M-DLC-JCL (D. Mont. Dec. 6, 2018).

On January 3, 2019, Snyder was given an opportunity to file an amended complaint and a form to use in doing so. *See* Order (Doc. 4); Am. Compl. Form (Doc. 4-1).

On January 11, 2019, the Court received from Snyder a motion for a temporary restraining order and an injunction to "prevent" the Flathead County Detention Center and its employees "from denying . . . proper materials to

1

effectually litigate and revise my Title 42 § 1982 where they are defendants." Mot. (Doc. 6) at 1. Snyder's motion and/or the copies of kites she submitted assert that she is unable to obtain paper, envelopes, pens or pencils, and photocopies. *See, e.g.*, Kite 12/12/18 (Doc. 6-1 at 3). Snyder also complains that she is not receiving mail she believes her sister has sent to her. *See* Mot. at 1–2.

The United States Supreme Court holds that inmates are entitled to the "tools" they need "to attack their sentences, directly or collaterally, and . . . to challenge the conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). A challenge to conditions of confinement typically is filed under 42 U.S.C. § 1983. If an attorney is appointed to represent an inmate in a criminal action, that attorney typically does not represent that same inmate in a civil action challenging the conditions of confinement. As a result, § 1983 actions are very often pursued by inmates proceeding pro se. That is what Snyder is doing here. Therefore, the jail must allow her access to the tools she needs to file an amended complaint. If she is indigent, the jail must provide those tools, including paper, a pen, pencil, typewriter, or computer, and envelopes and postage sufficient to allow her to do what she is required to do.

This burden. however, is not a heavy one. The Court sent Snyder a form amended complaint and guidance on how to complete it. At least at this time, she does not need access to a law library or legal resources. She needs to allege facts

2

that are within her knowledge, and the Court has told her what facts are relevant. *See* Order (Doc. 4) at 3–5. Her request for 40 pages of paper and five envelopes seems inordinate. *See* Kite 12/11/2018 (Doc. 6-1 at 4). A complaint must be a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and Snyder is not required to send copies to the Court, *see* Am. Compl. Form (Doc. 4-1) at 1 Instr. 5. She should keep a copy of the documents she submits to the Court, and she will need an envelope and postage to submit her amended complaint. But Snyder's decision to submit an intervening motion for injunctive relief suggests she actually has access to paper, a pen or pencil and a computer, an envelope, and postage.

As to Snyder's claim regarding her mail, it is not sufficiently clear, at this time, that the mail is obstructed when it reaches the Flathead County Detention Center.

Snyder's motion demonstrates that she has access to the materials she seeks. A temporary restraining order and injunction are not appropriate.

Accordingly, IT IS ORDERED:

1. Snyder's motion for temporary restraining order and injunction (Doc. 6) is DENIED.

2. Snyder's amended complaint remains due on January 31, 2019.

<u>Snyder must immediately advise the Court of any change in her mailing</u>

address. Failure to do so may result in dismissal of this action without notice to her.

DATED this 14th day of January, 2019.

*Dana L. Christensen* (signature)
Dana L. Christensen, Chief Judge
United States District Court